IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06-CR-70-WHA |
| | ) | |
| GUILLERMO JIMENEZ-PIMENTAL | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:           EVERETT M. URECH

ASSISTANT U.S. ATTORNEY:   SUSAN R. REDMOND

**COUNTS AND STATUTES CHARGED:**

Count 1.    42 U.S.C. § 408(a)(7)(B)
            Social Security Fraud

Count 2.    18 U.S.C. § 1546(a)
            Document Fraud

Count 3.    18 U.S.C. § 1546(b)(2)
            Document Fraud

Count 4.    18 U.S.C. § 1028(a)(6)
            Document Fraud

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1.    42 U.S.C. § 408(a)(7)(B)

Count 2.    18 U.S.C. § 1546(a)

Count 3.    18 U.S.C. § 1546(b)(2)

Count 4.    18 U.S.C. § 1028(a)(6)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

| | |
|---|---|
| Count 1. | 42 U.S.C. § 408(a)(7)(B)<br>NMT 5Y;<br>NMT $250,000; Both<br>NMT 3Y SUP REL;<br>$100 AF;<br>VWPA. |
| Count 2. | 18 U.S.C. § 1546(a)<br>NMT $250,000;<br>NMT 15Y, or Both;<br>NMT 5Y SUP REL;<br>$100 AF; VWPA. |
| Count 3. | 18 U.S.C. § 1546(b)(2)<br>NMT $250,000;<br>NMT 15Y, or Both;<br>NMT 5Y SUP REL;<br>$100 AF; VWPA. |
| Count 4. | 18 U.S.C. § 1028(a)(6)<br>NMT 5Y;<br>NMT $250,000; Both<br>NMT 3Y SUP REL;<br>$100 AF; VWPA. |

**ELEMENTS OF THE OFFENSE:**

<u>42 U.S.C. § 408(a)(7)(B):</u>

First:   That the Defendant knowingly represented to someone that the Social Security number described in the indictment had been assigned to [him] [her] by the Commissioner of Social Security; and

Second:  That such Social Security number, in fact, had not been assigned at that time to the Defendant by the Commissioner of Social Security; and

Third:   That the Defendant made such representation willfully, and with the intent to deceive, for the purpose of [state purpose as alleged in the indictment].

To "act with intent to deceive" simply means to act for the deliberate purpose of misleading someone. It is not necessary for the Government to prove, however, that anyone else was in fact

misled or deceived.

### 18 U.S.C. § 1546(a):

First: The defendant knowingly and intentionally possessed, uttered, and used a resident alien card required as evidence of authorized stay and employment in the United States; and

Second: The defendant, in so doing, acted willfully and with knowledge that such alien registration card had been forged, counterfeited, altered and falsely made.

### 18 U.S.C. § 1546(b)(2):

First: The defendant used an identification document knowing it to be false; and

Second: The defendant used the identification document for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act.

### 18 U.S.C. § 1028(a)(6):

First: The defendant knowingly possessed an identification document, a Social Security card, that appeared to be an identification document of the United States; and

Second: The defendant possessed the identification document knowing that such document was stolen and produced without authority.

****************************************************************

Susan R. Redmond, Assistant United States Attorney and Everett M. Urech, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the

3

defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in the Indictment, the attorney for the government will do the following:

   a. The government will agree, pursuant to Rule 11(c)(1)(C), that the appropriate sentence is a sentence of time served, assuming the sentence is within the applicable advisory Guideline Range as determined by the Court at sentencing.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

   a. To plead guilty to all counts of the Indictment.

   b. To a term of Supervised Release of three (3) years pursuant to USSG 5D1.1(b).

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that on or about June 10, 2005, in the Middle District of Alabama, the defendant, did knowingly and with intent to deceive, falsely represent a number to be the Social Security account number assigned to him by the Secretary when in fact such is not the Social Security account number assigned to him by the Secretary, in violation of Title 42, United States Code, Section 408(a)(7)(B).

The defendant admits the allegations charged in Count 2 of the Indictment and understands

that the nature of the charge to which the plea is offered involves proof as to Count 2, that on or about June 10, 2005, in the Middle District of Alabama, the defendant, did knowingly utter, use, and attempt to use an alien registration receipt card and other document prescribed by statute and regulation as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, falsely made and unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

The defendant admits the allegations charged in Count 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 3, that on or about June 10, 2005, in the Middle District of Alabama, the defendant, did use an identification document knowing, and having reason to know, that the document is false for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act, in violation of Title 18, United States Code, Section 1546(b)(2).

The defendant admits the allegations charged in Count 4 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 4, that on or about June 10, 2005, in the Middle District of Alabama, the defendant, did knowingly possess an identification document, a Social Security card, that appeared to be an identification document of the United States, which was produced without lawful authority, knowing that such document was produced without such authority, in violation of Title 18, United States Code, Section 1028(a)(6).

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

c.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal

the conviction and sentence on any other ground, including an upward departure, and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

4. The defendant, before entering a plea of guilty to all counts of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

    c. The defendant further understands that, pursuant to Title 18, United States Code,

Section 3013, said $100.00/count assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the

aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

 h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

 i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

 j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

 k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

 5. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been

advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the

defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      6. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines that the defendant will not receive a sentence of time-served, the defendant will have the right to withdraw the plea on that basis.

This 12th day of May, 2006.

        Respectfully submitted,
        LEURA G. CANARY
        UNITED STATES ATTORNEY

        Andrew O. Schiff
        Deputy Chief - Criminal Division
        One Court Square
        Suite 201
        Montgomery, Alabama 36104
        334.223.7280
        334.223.7135   fax

        Susan R. Redmond
        Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, EVERETT M. URECH.

*Guillermo Jimenez*
Guillermo Jimenez-Pimental
Defendant

5/12/06
Date

*Everett Urech*
Everett M. Urech
Attorney for the Defendant

5/12/06
Date